UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PHILLIP WILSON; LINDA WILSON,

        Plaintiffs,

vs.                              Case No.   2:06-cv-147-FtM-99SPC

TIME INSURANCE COMPANY,

        Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiffs' Motion for Remand (Doc. #16), filed on April 25, 2006. Defendant filed a Memorandum of Law in Opposition (Doc. #22) on May 11, 2006. This case was initiated in the Twentieth Judicial Court in and for Charlotte County, Florida, and removed to federal District Court on March 23, 2006 (Doc. #1).

**I.**

The Complaint (Doc. #2) alleges that Time Insurance Company is a foreign corporation authorized to do and is doing business in Charlotte County, Florida. On approximately December 1, 2003, plaintiffs entered into a policy of individual health insurance coverage with defendant. In or about November, 2004, plaintiff Linda Wilson was diagnosed with breast cancer, and "had to undergo extensive cancer treatments and therapy, which cost several thousand dollars." (Doc. #2, ¶ 6.)  Linda Wilson's claim to have defendant pay for this cancer treatment was denied. Because of

this denial, defendant took the $5,000 deductible already paid towards Linda Wilson's treatments and applied it again when Phillip Wilson had a medical procedure, thus requiring plaintiffs to pay the $5,000 deductible twice.  The Complaint alleges a breach of contract because defendant failed to pay the bills for Linda Wilson's cancer care and treatment and for Phillip Wilson's treatment.  The Complaint seeks actual damages and foreseeable consequential and incidental damages including but not limited to loss of policy benefits, loss of premium payments and interest, and loss of the use of such monies, and attorney fees and costs.

Time Insurance Company filed a Notice of Removal (Doc. #1) asserting that federal court has diversity jurisdiction. Plaintiffs' Motion to Remand does not dispute the existence of complete diversity of citizenship, but asserts that Time Insurance Company has failed to establish that the amount in controversy exceeds the jurisdictional amount.

**II.**

Removal jurisdiction exists only where the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., Inc., 200 F.3d 753, 755 (11th Cir. 2000). A district court has subject matter jurisdiction over diversity cases pursuant to 28 U.S.C. § 1332. Section 1332(a) requires that the parties be citizens of different states and that the matter in controversy exceed the sum or value of $75,000,

exclusive of interest and costs. <u>Morrison v. Allstate Indem. Co.</u>, 228 F.3d 1255, 1261 (11th Cir. 2000).

As the party seeking federal jurisdiction, the burden is upon defendant to establish diversity jurisdiction as of the date of removal. <u>Sammie Bonner Constr. Co., Inc. v. Western Star Truck Sales, Inc.</u>, 330 F.3d 1308, 1310 (11th Cir. 2003); <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001). When plaintiff files the case in state court, and fails to plead a specific amount of damages (as here), the removing defendant must only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. <u>Williams</u>, 269 F.3d at 1319.[1] Thus, the issue is whether defendant has shown that it is more likely than not that the amount in controversy exceeded $75,000, exclusive of interest and costs.

To establish jurisdiction, a removing defendant may rely upon the factual representations of plaintiff. <u>Mitchell v. Brown & Williamson Tobacco Corp.</u>, 294 F.3d 1309, 1314-15. When the jurisdictional amount is not facially apparent from the complaint,

---

[1] Plaintiffs' argument that defendant must prove the jurisdictional amount to a legal certainty because plaintiffs have made a specific demand for damages (Doc. #16, ¶ 9) is incorrect. It is not a specific demand for damages that sets the standard of proof, but whether there is a specific <u>amount</u> demanded. <u>Leonard v. Enterprise Rent A Car</u>, 279 F.3d 967, 972 (11th Cir. 2002); <u>Williams v. Best Buy Co. Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001). The Complaint in this case simply seeks damages "in excess of fifteen thousand dollars ($15,000.00)." (Doc. #2, ¶ 1 and "Wherefore" clause). This does not qualify as a demand for a specific amount of damages. <u>Leonard</u>, 279 F.3d at 972 n.9.

"the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Willaims, 269 F.3d at 1319 (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet defendant's burden." Id. at 1319-20; see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994)(concluding that removing defendant did not meet burden of proving amount in controversy where it offered "nothing more than conclusory allegations"). The Court can look to facts submitted by defendant post-removal to see if the jurisdictional amount is satisfied as of the date of removal. Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000); Williams, 269 F.3d at 1319-20.

**III.**

In this case, the Complaint only alleges damages in excess of $15,000, (Doc. #2, ¶ 1), plus prejudgment interest, attorney fees and costs. (Doc. #2, "Wherefore" clause). The only specifics are that Mrs. Wilson's cancer treatment cost "several thousand dollars" and there was a $5,000 double deductible improperly utilized. Therefore, the Complaint does not establish that the amount in controversy exceeds $75,000.00.

The Notice of Removal states that plaintiffs' "medical bills alone that are available to TIME show that the value of claims

denied exceeds the sum of $60,000. In addition, Plaintiff's demand for attorneys' fees under § 627.428, Florida Statutes would be included in the amount in controversy. (Citation omitted). And finally, Plaintiff's demand consequential damages, incidental damages, loss of premium, and loss of use of such amounts. "Therefore, taking into account all elements of damage, the amount in controversy exceeds $75,000." (Doc. #1, pp. 3-4.) Plaintiffs do not dispute that the balance of their unpaid medical bills approximate $60,000.00. The $5,000 double deductible brings the amount to approximately $65,000. Plaintiffs also seek interest and other incidental and consequential damages from November, 2004. While plaintiffs argue that these amounts would terminate in April, 2005 when defendant refused to pay the medical bills (Doc. #16, ¶ 12), it is not apparent why such amounts would not continue until at least the March, 2006 removal. Additionally, attorney fees under Fla. Stat. § 627.482 are sought. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." Morrison, 228 F.3d at 1265. The Court concludes that defendant has established by a preponderance of the evidence that the jurisdictional amount has been satisfied.

Accordingly, it is now

**ORDERED:**

1.  Plaintiffs' Motion for Remand (Doc. #16) is **DENIED** as the Court finds subject-matter jurisdiction exists.

2.  Plaintiffs' Motion for Stay or Alternatively, Protective Order Pending Ruling on Motion for Remand (Doc. #25) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of July, 2006.

Copies:
Counsel of record

_____
JOHN E. STEELE
United States District Judge